United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHESSON WILLIAMS, Inmate #5340, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-2132 |
| MONIQUE JOHNSON, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Chesson Williams (Inmate #5340; former TDCJ #2107766), is currently confined in the San Jacinto County Jail in Coldspring, Texas. He has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 1) against Monique Johnson in connection with the purchase of a used vehicle. Williams has also filed an Application to Proceed Without Prepayment of Fees and Affidavit ("Application") (Docket Entry No. 2). Because Williams is a prisoner the court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Williams has filed this lawsuit against Monique Johnson, who is described as the owner of a business called Mobetter Mobile, Inc., in Beaumont, Texas.[1] Williams alleges that he sent $250.00 to Johnson as a down payment for a 2014 Honda Accord.[2] Johnson reportedly told Williams that she would deliver the vehicle to him in Livingston, Texas, after he signed a contract and sent her the money.[3] Williams did as she asked, but Johnson never delivered the vehicle.[4] Williams seeks $25,000.00 in damages for his "hardship, mental anguish, and stress."[5]

## II. Discussion

Although Williams has submitted his claims on a pre-printed complaint form for use by state prisoners in filing a civil rights action under 42 U.S.C. § 1983, his allegations against the defendant are limited to breach of contract, which is actionable, if at all, under state law.[6] Unlike state courts, which have

---

[1] Complaint, Docket Entry No. 1, p. 3.

[2] Id. at 3, 4.

[3] Id. at 4.

[4] Id. at 3, 4.

[5] Id. at 4.

[6] The court is mindful that pleadings filed by pro se litigants are subject to a less stringent standard than those drafted by
(continued...)

subject matter jurisdiction over a broad assortment of causes and claims, "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School District, 106 S. Ct. 1326, 1331 (1986) (citation omitted); In re FEMA Trailer Formaldehyde Products Liability Litigation, 668 F.3d 281, 286 (5th Cir. 2012) ("Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.") (citations omitted). Thus, federal courts have a duty to ensure the existence of subject matter jurisdiction before reaching the merits of a case. See Ruhrgas AG v. Marathon Oil Co., 119 S. Ct. 1563, 1570 (1999) ("subject-matter delineations must be policed by the courts on their own initiative even at the highest level"); see also Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (determining subject matter jurisdiction first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice"). If a district court determines at any time that it lacks subject matter jurisdiction it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

---

[6](...continued)
lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam). Nevertheless, the Fifth Circuit has "frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." Armstrong v. Capshaw, Goss & Bowers, LLP, 404 F.3d 933, 936 (5th Cir. 2005) (citations omitted).

Other than cases in which the United States is a party, federal district courts only have authority to adjudicate cases involving a federal question or a dispute between parties with diversity of citizenship. See Columbraria Ltd. v. Pimienta, 110 F. Supp. 2d 542, 545 (S.D. Tex. 2000) (citing Kokkonen v. Guardian Life Insurance Co. of America, 114 S. Ct. 1673, 1676 (1994)). Because federal jurisdiction is not presumed to exist, the party seeking federal court review bears the burden of demonstrating that jurisdiction is proper. See id. Assuming that all of the plaintiff's allegations are true, he fails to demonstrate that his Complaint implicates a federal question or the requisite diversity of citizenship for the purpose of establishing subject matter jurisdiction for reasons discussed briefly below.

### 1. Federal Question Jurisdiction

To establish a federal question a plaintiff must allege a cognizable violation of his rights under the Constitution or federal law. See 28 U.S.C. § 1331. As noted above, Williams has submitted his claims against Johnson on a pre-printed form for use by prisoners seeking relief under the federal Civil Rights Act codified at 42 U.S.C. § 1983. Assuming that Williams intended to invoke the remedy found in § 1983, he does not state a viable claim under this provision.

"To state a claim under § 1983, a plaintiff must first show a violation of the Constitution or of federal laws, and then show

that the violation was committed by someone acting under color of state law." Turner v. Lieutenant Driver, 848 F.3d 678, 685 (5th Cir. 2017) (citation and internal quotation marks omitted). Williams makes neither showing because he does not allege the violation of a constitutional or federally protected right. Moreover, he does not demonstrate that the defendant qualifies as a state actor. See Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2754 (1982) (explaining that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," such as a state official or one who has either "acted with or has obtained significant aid from state officials" or whose "conduct is otherwise chargeable to the State").

A district court is not required to entertain a complaint that purports to seek recovery under the Constitution or laws of the United States if the alleged federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Tiner v. Cockrell, 756 F. App'x 482, 482 (5th Cir. 2019) (per curiam) (quoting Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773 (1946)). Because Williams does not assert facts showing he has a valid claim under § 1983 or any other federal law, the case does not present a federal question for purposes of jurisdiction under 28 U.S.C. § 1331.

## 2.  Diversity of Citizenship

Federal courts can adjudicate cases in which a citizen of one state alleges a violation of his or her rights under state law by a citizen of another state and the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1332(a).  To properly allege diversity jurisdiction under § 1332(a), the parties need to establish "complete diversity." MidCap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019) (quoting McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).  This means that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." Id.

According to the Complaint, Williams is a citizen of Texas who currently resides at the San Jacinto County Jail in Coldspring.[7] The address he provides for the defendant shows that she is located in Beaumont, Texas.[8]  Because Williams has not alleged facts showing that complete diversity exists, he has not established that this is a suit between parties of diverse citizenship as required for purposes of 28 U.S.C. § 1332.  In addition, even if the parties were diverse, the amount in controversy does not exceed $75,000.00 as required to proceed in federal court under § 1332.

Williams has not otherwise alleged facts showing that there is

---

[7]Complaint, Docket Entry No. 1, p. 3.

[8]Id.

a proper jurisdictional basis for considering his state-law claims in federal court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Hooks v. Landmark Indus., Inc., 797 F.3d 309, 312 (5th Cir. 2015) (citation and internal quotation marks omitted). Absent a valid basis for jurisdiction, this court can take no further action and must dismiss the Complaint. See Fed. R. Civ. P. 12(h)(3).

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint filed by Chesson Williams (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.
2. The Application to Proceed Without Prepayment of Fees (Docket Entry No. 2) is **GRANTED**.
3. Officials at the San Jacinto County Jail are **ORDERED** to deduct funds from the inmate trust account of Chesson Williams (Inmate #5340) and forward them to the Clerk in compliance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  **The Clerk will also provide a copy of the Memorandum Opinion and Order by certified mail, return receipt requested, to the San Jacinto County Jail, Attn: Jail Administrator, 75 W. Cedar Ave., Coldspring, TX 77331.**

**SIGNED** at Houston, Texas, on this 7th day of July, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE